UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ALADDIN MOROC BEY, *et al.*, | : Case No. 3:21-cv-179 |
| Plaintiffs, | : |
| vs. | : Judge Walter H. Rice |
| JENNY M. LEWIS, *et al*., | : Magistrate Judge Sharon L. Ovington |
| Defendants. | : |

# REPORT AND RECOMMENDATION

This matter is before the Court on Defendant David D. Brannon's Motion to Dismiss (Doc. #7), and on a separate Motion to Dismiss filed jointly by Defendants Jenny M. Lewis, Beth Hutter, Dennis J. Percy, Michael Jarvis, Barbara Duhon, and Michael Woodford [sic][1] ("the Miami Valley Defendants"). (Doc. #10).

Although the Court provided *pro se* Plaintiffs Aladdin Moroc Bey and Luna LaToya Bey with written notice regarding their obligation to respond to Defendant Brannon's motion (*see* Doc. #8), Plaintiffs did not file any response within the time specified. This Court then entered an Order directing Plaintiffs to show cause why Defendant Brannon's motion should not granted for failure to prosecute. (Doc. #9). Plaintiffs again failed to respond.

---

[1] While the Miami Valley Defendants' answer suggests that Defendant Woodford's name is misspelled in Plaintiffs' complaint (*see* Doc. #3, p. 1), they have not provided the proper spelling of that Defendant's name.

The Court entered an identical notice and show cause order as to the Miami Valley Defendants' motion to dismiss (*see* Docs. #11, 12), but Plaintiffs also filed no response as to that motion.

For the reasons that follow, the undersigned recommends that both Defendant Brannon's Motion to Dismiss (Doc. #7) and Defendants Lewis, Hutter, Percy, Jarvis, Duhon, and Woodford's Motion to Dismiss (Doc. #10) be granted, and that Plaintiffs' complaint be dismissed in its entirety.

**FACTUAL & PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS**

Plaintiffs Aladdin Moroc Bey and Luna LaToya Bey[2] filed a *pro se* complaint related to injuries allegedly sustained as a result of Mr. Bey's having been "fraudulent[ly]" transported against his will from the Montgomery County Jail to Miami Valley Hospital's psychiatric unit, where he claims to have been subjected to other tortious and/or criminal conduct.[3] (Doc. #1). Named as Defendants are Brannon, identified as a "Dayton Probate Judge,"[4] as well as Lewis, Hutter, Percy, Jarvis, Duhon, and Woodford, all identified as being affiliated with Miami Valley Hospital through either its Foundation or Premier

---

[2] The complaint does not specify the Beys' relationship to one another, but lists the same home address for both. (*See* Doc. #1).

[3] For example, the complaint alleges that sheriff's deputies "kidnapped" Mr. Bey, and that doctors attempted to "murder him" by poisoning him with "counterfeit" medication." (Doc. #1, p. 3).

[4] Judge Brannon actually presides over the Montgomery County Probate Court.

Health. (*Id.*). The Court determined that this matter is related to Case Nos. 3:21cv124 and 3:21cv128, other lawsuits brought by the Beys that also are pending in this Court.[5] (*See* Doc. #4).

In lieu of an answer, Defendant Brannon moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' complaint against him for failure to state a claim upon which relief can be granted. (Doc. #7). Brannon advances multiple grounds for that motion. First, he asserts that the complaint fails to satisfy notice pleading requirements, in that it purportedly does not set forth sufficient facts to put Brannon on notice of the basis for or nature of the claims against him. Second, he maintains that he has absolute immunity from any claims arising from actions taken by him in his capacity as a judicial officer. Finally, Brannon contends that Plaintiffs are barred from bringing a civil action in federal court to collaterally attack decisions of the Montgomery County Probate Court, and that this Court lacks jurisdiction over this matter. He therefore argues that Plaintiffs' claims against him must be dismissed.

The Miami Valley Defendants also move to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. #10). Like Defendant Brannon, they argue that Plaintiffs' complaint is deficient for failing to attribute any alleged conduct to any specific

---

[5] In those related matters, Plaintiffs assert civil claims against Montgomery County Sheriff Robert Streck and City of Dayton Police Chief Richard Biehl. *See Bey v. Streck*, Case No. 3:21cv124 (S.D. Ohio) (sealed complaint); *Bey v. Biehl*, Case No. 3:21cv128 (S.D. Ohio).

Defendant. They urge that *pro se* status does not exempt Plaintiffs from standard notice pleading requirements. Further, they echo Brannon's contention that this Court lacks jurisdiction to review challenges to decisions of the Montgomery County Probate Court. Accordingly, the Miami Valley Defendants ask that Plaintiffs' complaint be dismissed for failure to state a claim against them.

Although Plaintiffs' failure to respond in opposition to the Defendants' motions could serve as a basis for dismissing their complaint without prejudice, *see* Fed. R. Civ. P. 41(b), the Court in this instance determines that the record warrants review of Plaintiffs' complaint on its merits under Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

a.  <u>Law regarding Fed. R. Civ. P. 12(b)(6) motions to dismiss</u>

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.E.2d 929 (2007) (ellipses sic) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.E.2d 80 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to

adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, in order to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S.Ct. 1937, 173 L.E.2d 868 (2009). Legal conclusions "must be supported by factual allegations"

that give rise to a plausible inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

Given the liberal pleading standards afforded *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "it is incumbent on the court to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Friedman v. Campbell*, No. 98-6728, 199 WL 1045281, at *1 (6th Cir. Nov. 8, 1999). Still, "[t]he leniency granted to *pro se* petitioners … is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "Liberal construction [of *pro se* pleadings] does not require a court to conjure allegations on a litigant's behalf." *In re City of Detroit*, No. 20-1404, 2021 WL 3553740, at *2 (6th Cir. Apr. 1, 2021) (quoting *Martin, supra*), *cert. denied sub nom. Woodberry v. Detroit,* No. 21-5344, 2021 WL 4508966 (U.S. Oct. 4, 2021). "[T]he 'leniency standard' … still require[s] basic pleading standards." *Martin*, 391 F.3d at 714 (citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)).

b. <u>Plaintiffs' claims against Defendant Brannon</u>

The Court determines that the factual allegations of Plaintiffs' complaint are insufficient to set forth any viable claim against Defendant Brannon. Notably, the only mention of Brannon within the entire pleading is the identification of him as a probate judge. (*See* Doc. #1, pp. 1, 2). No allegations attribute to Brannon any of the specific actions claimed to have been taken against Mr. Bey. Furthermore, Ms.

Bey is not alleged to have been subjected to mistreatment by any person, and no basis is stated in the complaint for holding any Defendant liable to her.[6]

In addition to the complaint's utter failure to satisfy Fed. R. Civ. P. 8(a)'s notice pleading requirements as against Defendant Brannon, the Court concludes that dismissal also is warranted for the other reasons Brannon advances. Given that Brannon is referenced solely in his capacity as a judicial officer, the complaint suggests that Plaintiffs seek to hold Brannon liable based on actions he took as a probate judge. "The immunity of judges for acts within the judicial role is … well established." *Rehberg v. Paulk*, 566 U.S. 356, 362, 132 S.Ct. 1497, 1502, 182 L.Ed.2d 593 (2012) (quoting *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)); *see also Ziglar v. Abbasi*, ___ U.S. ___, 137 S.Ct. 1843, 1870, 198 L.Ed.2d 290 (2017) ("[J]udges are absolutely immune from liability under [42 U.S.C.] § 1983 for their official acts.") (Thomas, J., concurring) (citing *Pierson*, 386 U.S. at 553-555). As Plaintiffs have advanced no basis for holding Defendant Brannon liable other than his status as a judge, they have failed to state a plausible claim for relief.

Furthermore, substantial widely-accepted law supports Defendant Brannon's assertion that Plaintiffs may not employ a federal civil rights action to collaterally

---

[6] Although one might postulate that Ms. Bey, if married to Mr. Bey, potentially could pursue a loss of consortium claim arising from injury to her husband, the complaint sets forth no factual basis for presuming the plausibility of such a claim.

attack a state court judgment. *See, e.g.,* Ohio Rev. Code § 2501.02 (only state appellate court has jurisdiction to review decisions of lower state court); *Baker v. Wayne Cty. Family Independence Agency*, 75 F. App'x 501, 503 (6th Cir. 2003) ("Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally.") (citing *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506-507 (6th Cir. 2000)). That principle applies to the decisions of state probate courts. *See id*.

In light of the foregoing analysis, Defendant Brannon's Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' claims against him is well taken. Given that Brannon was named as a defendant due to his role as a probate court judge and apparently has no other connection to the matters alleged, even the hypothetical prospect of amending the complaint seems highly likely to overcome the absolute immunity presumed to protect him from suit. As a result, the Court recommends that Plaintiffs' complaint against Defendant Brannon be dismissed with prejudice for failure to state a claim upon which relief can granted.

    c. <u>*Plaintiffs' claims against the Miami Valley Defendants*</u>

For similar reasons, the Miami Valley Defendants motion to dismiss also is well taken. Once again, Plaintiffs' complaint does not attribute any of the actions allegedly taken against Mr. Bey to any particular Defendant, and also does not identify any reason for holding any Defendant liable to Ms. Bey. (*See* Doc. #1). The only basis identified in the complaint for naming Lewis, Hutter, Percy, Jarvis, Duhon, and Woodford as Defendants is their alleged affiliation with Miami Valley Hospital. However, the complaint asserts no factual basis for holding any of the Miami Valley Defendants vicariously liable for actions that may have been taken by others, and thus states no plausible claim for relief against them.

In addition, this Court's lack of jurisdiction to consider a challenge to a state probate court decision – theoretically (although not so stated in Plaintiffs' complaint), one that may have ordered Mr. Bey's transfer to Miami Valley Hospital – would bar Plaintiffs from pursuing the relief they seek here. While the Miami Valley Defendants do not share Defendant Brannon's presumed immunity, they nonetheless cannot be subjected to a suit over which this Court has no jurisdiction.

For these reasons, the Court recommends that Plaintiffs' complaint against Defendants Lewis, Hutter, Percy, Jarvis, Duhon, and Woodford be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

# **CONCLUSION**

**IT THEREFORE IS RECOMMENDED THAT**:

1. Defendant David D. Brannon's Motion to Dismiss (Doc. #7) be GRANTED;

2. Defendants Jenny M. Lewis, Beth Hutter, Dennis J. Percy, Michael Jarvis, Barbara Duhon, and Michael Woodford's Motion to Dismiss (Doc. #10) be GRANTED; and

3. Plaintiffs Aladdin Moroc Bey and Luna LaToya Bey's Complaint (Doc. #1) be DISMISSED in its entirety, WITH PREJUDICE as to Defendant Brannon, and WITHOUT PREJUDICE as to the remaining Defendants.

October 21, 2021                                      *s/ Sharon L. Ovington*
                                                                          Sharon L. Ovington
                                                                          United States Magistrate Judge